# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRIAN A. WALSH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | Civil Action No: _____<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair

HYDE & SWIGART
Consumer Protection Attorneys

and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. BRIAN A. WALSH ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of SPECIALIZED LOAN SERVICING, LLC ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Colorado.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

10. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal

jurisdiction in the County of Douglas, State of Colorado as they conduct business there, and Defendant's conduct giving rise to this action occurred in Colorado. 28 U.S.C. § 1391(b)(2). Further, Defendant is registered as a foreign corporation with the Colorado Secretary of State.

## PARTIES

11. Plaintiff is a natural person who resides in the County of Clark, State of Nevada, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a loan servicer doing business in Colorado, whose primary address is in Highlands Ranch, Colorado.

13. Defendant is a third party loan servicer, offering debt collection services in various industries.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of Nevada.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Colorado.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

18. Sometime prior to 2006, Plaintiff allegedly incurred financial obligations to the original creditor.

19. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.
20. On or about April 30, 2010, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada.
21. The obligations ("Debt") to Defendant were scheduled in the Bankruptcy and Defendant, the creditor, received notice of the Bankruptcy.
22. On or about August 26, 2014, Plaintiff received a Bankruptcy discharge.
23. Defendant did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
24. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
25. Accordingly, the Debt to Defendant was discharged through the Bankruptcy.
26. Plaintiff previously brought an action against Defendant for violations of the Bankruptcy Discharge.
27. Upon review of his latest credit report dated February 11, 2015, Plaintiff discovered that on or about September 28, 2014, Defendant submitted an unauthorized credit report inquiry to Equifax after the Debt to Defendant had been discharged. *See* Exhibit A.
28. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.
29. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent and after the Debt had been discharged in Bankruptcy, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.
30. Because Plaintiff had discharged his debt to Defendant in bankruptcy proceedings, Defendant had no legitimate business need for the information. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's

consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class" and "SubClass").

32. Plaintiff represents, and is a member of the Class, consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after Chapter 13 bankruptcy discharge within the past 5 years.

33. Plaintiff represents, and is a member of the SubClass, consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after Chapter 13 bankruptcy discharge within the past 4 years.

34. Defendant and its employees or agents are excluded from the Class and SubClass. Plaintiff does not know the number of members in the Class, but believes the Class and SubClass members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class and SubClass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

36. This suit seeks only recovery of actual and statutory damages on behalf of the Class and SubClass, and it expressly is not intended to request any recovery

for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and SubClass definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged through Chapter 13 bankruptcy; and

   b. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the SubClass have been discharged through Chapter 13 bankruptcy.

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

39. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681-1692x (FCRA)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

46. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

47. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- an award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of any such amount as the court may allow for all other class members, against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| Dated: August 20, 2015 | Respectfully submitted, |
| | By: /s/ Sarah T. McEahern |
| | Sarah T. McEahern, Esq. |
| | Joshua B. Swigart, Esq. |
| | HYDE & SWIGART |
| | 1877 Broadway, Ste 704 |
| | Boulder, CO 80302 |
| | Telephone: (303) 731-5493 |
| | FAX: (800) 635-6425 |
| | Email: sm@westcoastlitigation.com |
| | josh@westcoastlitigation.com |
| | |
| | Abbas Kazerounian, Esq. |
| | KAZEROUNI LAW GROUP, APC |
| | 245 Fischer Avenue, Unit D1 |
| | Costa Mesa, CA 92626 |
| | Telephone: (800) 400-6808 |
| | FAX: (800) 520-5523 |
| | Email: ak@kazlg.com |
| | |
| | *Attorneys for Plaintiff and Others Similarly Situated* |